731 P.2d 813

Ronald J. JARMAN,
Plaintiff-Respondent,

v.

Thomas F. HALE and Margaret S.
Hale, husband and wife,
Defendants-Appellants.

Thomas F. HALE and Margaret S.
Hale, husband and wife, Plaintiffs,

v.

Mary Ellen WALSH and Robert
Edington, Defendants.

No. 15823.

Court of Appeals of Idaho.

May 22, 1986.

Thomas F. Hale, pro se, defendant-appellant.

Kenneth E. Lyon, Jr., Pocatello, for plaintiff-respondent.

## SWANSTROM, Judge.

Attorney Ronald Jarman represented Thomas and Margaret Hale in a 42 U.S.C. § 1983 action against certain persons and Idaho State University (ISU) for alleged wrongful termination of Thomas Hale's teaching contract. The § 1983 action resulted in a $100,000 verdict and judgment in favor of the Hales. Two defendants appealed and the Hales cross-appealed. The Hales replaced Jarman with other counsel on that appeal.

Jarman then filed a complaint in the same action against the Hales for attorney fees allegedly due and for an attorney's charging lien against the judgment obtained by the Hales. The Hales counterclaimed, alleging Jarman negligently represented them and intentionally inflicted emotional distress on them. Jarman moved to strike the emotional distress counterclaim and that claim was dismissed. Partial summary judgment was entered granting an attorney's lien to Jarman, in an amount to be determined after disposition on appeal of the ISU suit.[1] The partial summary judgment also dismissed the Hales' counterclaim against Jarman for malpractice. The Hales then filed this appeal. For reasons stated below, we vacate the partial summary judgment.

The Hales raise numerous issues in this appeal. Those we deem necessary to discuss relate to whether the district court: (1) had jurisdiction to decide the summary judgment motion, (2) erred in dismissing the legal malpractice counterclaim and (3) erred in granting an attorney's lien.

The Hales first assert that the district court did not have jurisdiction because the motion for partial summary judgment was not served in a timely manner. The motion was filed and a copy thereof mailed to the Hales on July 6, 1984, with a copy of a notice for a hearing on July 16. During the time pertinent hereto, Rule 56(c), I.R.C.P., provided that a motion shall be served at least ten days before the time fixed for the hearing.[2] In addition, I.R.C.P. 6(e)(1) states that a party who is served by mail shall be provided an extra three days to respond. Therefore, the motion and notice of hearing did not allow the minimum time set by the rules for the responsive affidavits which were required by Rule 56(c).

---

1. *Hale v. Walsh,* Idaho (App.1986), Ct.App. slip op. # 14927, filed May 6, 1986 (affirming monetary judgment for the Hales, but remanding for reconsideration of reinstatement of employment and for an award of attorney fees under 42 U.S.C. § 1988). Our opinion in that case is not yet "final" in the sense that, to date, the time within which an application may be filed—for a rehearing or for further appellate review—has not yet expired.

2. I.R.C.P. 56(c) has since been amended, effective July 1, 1986, to provide that the motion together with affidavit and supporting brief shall be served at least twenty-eight days before the time fixed for the hearing.

Jarman relied upon the affidavits of two attorneys to support his motion for summary judgment. In each affidavit the attorney gave his opinion that none of the acts or omissions alleged in the Hales' counterclaim against Jarman constituted negligence. The first of these affidavits was served by mail on the Hales on July 10. The second was served by mail on July 13. Ordinarily, "[w]hen a motion is supported by affidavit, the affidavit shall be served with the motion; and, except as otherwise provided in rule 59(c) [not applicable here], opposing affidavits may be served not later than one (1) day before the hearing, unless the court permits them to be served at some other time." I.R.C.P. 6(d). Construing together Rules 6(d), 6(e)(1) and 56(c) (as it then existed), we think it is clear that the Hales were entitled to at least thirteen days to respond to Jarman's affidavits.

On July 16 when the motion for partial summary judgment was scheduled to be heard, the Hales were given an additional week to submit authorities and affidavits in opposition to the motion. The Hales failed to submit affidavits, but did file additional motions, including a motion for extension of time. These motions were argued August 6 and the court gave the Hales until August 8 to submit additional support. In its decision dated August 9, the district court noted it had granted the Hales an additional week because there was a question as to the timeliness of the hearing due to the mailing of the notice. The court concluded that the additional time granted was sufficient for the Hales to supply affidavits and materials to resist the motion.

■ The Hales argue that Jarman's mere failure to give the minimum notice required under the rules deprives the court of jurisdiction to take any action on the motion. They assert that the court should not have aided Jarman by "correcting" the time deficiency, but should have required Jarman to start "anew" with his notice of a hearing. No persuasive authority in support of this jurisdictional argument has been cited. In fact, it has been held that if no prejudice results from the failure to provide the required notice then proceeding with the summary judgment motion may be proper. *See, e.g., Kelsey v. State of Minnesota*, 565 F.2d 503 (8th Cir.1977) (failure to give minimum notice of summary judgment hearing held to be harmless error where no prejudice resulted). We hold that the court did have jurisdiction to decide the motion for summary judgment.

The Hales make an alternative argument that the district court abused its discretion in refusing to give them additional time to obtain and file opposing affidavits as required by Rule 56(e). Their arguments are persuasive that more than the minimum time was needed to respond, given their circumstances. The prejudice resulting to them from the failure to file responsive affidavits is apparent. However, we need not address this argument since we hold that entry of summary judgment was improper because of the existence of genuine issues of material fact.

The Hales contend it was error for the district court to dismiss by summary judgment their counterclaim against Jarman for negligence in handling the § 1983 action against ISU. Summary judgment is appropriate only when there are no genuine issues of material fact and the case may be decided as a matter of law. I.R.C.P. 56(c); *Moss v. Mid-American Fire & Marine Insurance Co.*, 103 Idaho 298, 647 P.2d 754 (1982). The Hales are entitled to the benefit of all favorable inferences reasonably drawn from the evidentiary facts. *Anderson v. Ethington*, 103 Idaho 658, 651 P.2d 923 (1982). Here the record discloses genuine issues of fact with respect to negligence, causation and damages. Consequently, as we shall explain, the partial summary judgment must be vacated.

Jarman filed two affidavits from Idaho attorneys, Keith Zollinger and Boyd White. Each stated that in his professional opinion Jarman did not commit legal malpractice. Zollinger's opinion was based upon his view of Idaho's standards of practice and his examination of the ISU case file and of the Hales' malpractice claim. White was one of the opposing counsel in the ISU suit and

his opinion was grounded upon personal knowledge of the litigation.

█ Generally, a party defending a motion for summary judgment may not rest on his pleadings, but must offer affidavits or other evidentiary materials which demonstrate that an issue of fact remains. *Theriault v. A.H. Robins Co., Inc.*, 108 Idaho 303, 698 P.2d 365 (1985). However, the filing of a counteraffidavit is not required merely because the motion is supported by affidavits. *Vincen v. Lazarus*, 93 Idaho 145, 456 P.2d 789 (1969). If the record already discloses a genuine issue of material fact it would be "a useless procedure" to require additional affidavits restating the same facts. *Vincen v. Lazarus*, 93 Idaho at 149, 456 P.2d at 793.

█ It has been said that "[t]wo factors are imperative in legal malpractice based upon negligence, (1) that the trial attorney was negligent in the preparation, investigation, or trial of a case; and (2) his negligence was the proximate cause of the injury." *Sanders v. Smith*, 83 N.M. 706, 496 P.2d 1102, 1105 (Ct.App.1972), *cert. denied*, 83 N.M. 698, 496 P.2d 1094 (1972). *See Buchanan v. Downing*, 74 N.M. 423, 394 P.2d 269 (1964). "A lay witness does not have the experience, knowledge and wisdom to opinionate on the complexities of trial practice, including the verdict that a jury will render." *Sanders v. Smith*, 496 P.2d at 1105. As a general rule, for plaintiff to establish a prima facie case of legal malpractice at trial, he must produce expert evidence showing negligence and causation. *See* Annot. 14 A.L.R.4th 170 (1982). Even at the stage of resisting a defendant's motion for summary judgment, a plaintiff may be required to show—by an expert's affidavit—that there exists a genuine issue of material fact as to the attorney's alleged negligence. *Sanders v. Smith, supra; Hughes v. Malone*, 146 Ga. App. 341, 247 S.E.2d 107 (1978); *Schmidt v. Hinshaw, Culbertson, Moelmann, Hoban & Fuller*, 75 Ill.App.3d 516, 31 Ill.Dec. 357, 394 N.E.2d 559 (1979).

However, the general rule requiring the client to support his allegations of negligence with expert testimony has its exceptions *even at trial*. For example, where the attorney's alleged breach of duty of care is so obvious that it is within the ordinary knowledge and experience of laymen, expert testimony has not been required. *See* Annot. 14 A.L.R.4th 170–203 (1982); *Walker v. Bangs*, 92 Wash.2d 854, 601 P.2d 1279 (1979). Also, where the alleged negligence consists of the failure of an attorney to follow with reasonable promptness and care the explicit instructions of his client, expert testimony may not be necessary. Those cases are cast in the law of agency even though the agent-principal relationship is but a reflection of the attorney-client relationship. A jury is competent to understand and apply the standards of care to which agents are held. *Olfe v. Gordon*, 93 Wis.2d 173, 286 N.W.2d 573 (1980).

In their counterclaim, the Hales asserted twelve alleged negligent acts and omissions committed by Jarman. Thomas Hale verified these allegations as true to the best of his knowledge in a subsequent affidavit. He added some detail to his allegation in another affidavit. The affidavits of Jarman's experts, White and Zollinger, specifically addressed some of the allegations. Other allegations were not addressed, but were discounted by general conclusionary statements that no negligent conduct was shown. Undoubtedly, to sustain their burden at trial the Hales would have to produce expert legal testimony to support many of the allegations, if they can be sustained at all. Nevertheless, we conclude that the Hales would be competent to testify as to certain of the allegations regarding alleged failure on the part of Jarman to consult with them before making some decisions, alleged failure of the attorney to follow certain directions of the client, and alleged overreaching, misbilling and failure to record and recover certain costs.

In negligence cases, summary judgment is appropriate in only the most clear situations. *Webster v. Sill*, 675 P.2d 1170 (Utah 1983). Issues of negligence are questions

for the jury, "unless the proof is so clear that different minds cannot reasonably draw different conclusions or where all reasonable minds would construe the facts and circumstances of the case in only one way." *Annau v. Schutte,* 96 Idaho 704, 707, 535 P.2d 1095, 1098 (1975). The allegation of negligence ordinarily presents questions of fact for the jury to resolve. *Johnson v. Stanger,* 95 Idaho 408, 510 P.2d 303 (1973). "[C]ontroverted facts may not be resolved at summary judgment stage." *Fajen v. Allstate Insurance Co.,* 96 Idaho 886, 887, 538 P.2d 1190, 1191 (1975).

■ We conclude that Hale's affidavits coupled with the pleadings do raise genuine issues of material facts. Therefore, summary judgment dismissing the Hales' counterclaim was not proper. Accordingly, we vacate the partial summary judgment in that respect.

We turn next to the Hales' contention that the district court improperly granted Jarman an attorney's lien against the judgment entered in the § 1983 action. Idaho Code § 3–205 provides:

> The measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties, which is not restrained by law. From the commencement of an action, or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action or counterclaim, which attaches to a verdict, report, decision or judgment in his client's favor and the proceeds thereof in whosoever hands they may come; and can not be affected by any settlement between the parties before or after judgment.

The purpose of the attorney's lien statute is to secure payment for legal services rendered by allowing the attorney "an interest in the fruits of his skill and labors." *Skelton v. Spencer,* 102 Idaho 69, 75, 625 P.2d 1072, 1078 (1981), *cert. denied,* 454 U.S. 894, 102 S.Ct. 390, 70 L.Ed.2d 208 (1981). In *Skelton* our Supreme Court set forth five requirements of an attorney's charging lien:

> (1) [T]hat there is a fund in court or otherwise available for distribution on equitable principles, (2) that the services of the attorney operated substantially or primarily to secure the fund out of which he seeks to be paid, (3) that it was agreed that counsel look to the fund rather than the client for his compensation, (4) that the lien claimed is limited to costs, fees or other disbursements incurred in the litigation by which the fund was raised and (5) that there are equitable considerations which necessitate the recognition and application of the charging lien.

102 Idaho at 76, 625 P.2d at 1079, *quoting Recht v. Urban Redevelopment Authority of Clairton,* 402 Pa. 599, 168 A.2d 134, 138–39 (1961).

In its memorandum and order granting the summary judgment, the district court merely stated:

> The Court is also aware that one of the issues pending on appeal [of the underlying § 1983 action] is the question of attorney fees. It would appear that as argued by Mr. Jarman's counsel, a decision by the Idaho Supreme Court on that question may resolve the issue of the *amount* of attorney fees in this particular case. It is therefore appropriate to leave the amount of attorney fees undetermined at this time pending that decision and grant to Attorney Jarman a lien in an amount to be determined at a later date. [Emphasis added.]

The district court, in the statement quoted above, may have been expressing the pragmatic belief that if an award of fees is made to the Hales in the § 1983 action, making an additional fund available specifically for the purpose of paying the Hales' attorney fees, settlement of this dispute would likely follow. We would commend that result, but it may not occur. Therefore, we must address certain issues for guidance of the court on remand in this appeal.

■ As noted above, this Court heard the appeal in *Hale v. Walsh,* Idaho (App.1986), (Ct.App. slip op. # 14927, filed May 6, 1986) and held that the Hales were

entitled under 42 U.S.C. § 1988 to an award of reasonable attorney fees incurred in the trial and appeal of that action. The amount of that award is to be determined by the trial judge on remand of that action. The determination of fees in that action is a separate and distinct matter from the determination of fees between the Hales and Jarman in this action. Any award made by the court in the § 1983 suit will not govern the *amount* of any fees due from the Hales to Jarman unless the Hales and Jarman had agreed to be bound by that award.

We think it would be more appropriate for the determination to be made first in this action as to what the contractual agreement was between the Hales and Jarman, if any, for the payment of Jarman's fees and costs in the § 1983 action. The contractual agreement for fees reached by these parties and the amount of fees paid and owing under that contract would be factors to be considered in setting the fee award in the § 1983 action. *See Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Shields v. Martin,* 109 Idaho 132, 706 P.2d 21 (1985).

■ Next, we have reviewed the record, contentions and authority cited by the parties on the question of whether Jarman can have an attorney's charging lien against the judgment entered in the § 1983 action. We are persuaded that such a lien is available to Jarman under the provisions of I.C. § 3–205. Therefore, we agree with the district court that Jarman has a valid *claim* of lien in an amount not to exceed $27,768.21.[3] However, there can be no adjudication that Jarman has a valid lien in any amount until it is first determined that some amount is owing from the Hales to Jarman in addition to those fees already paid. If there is an amount of fees and costs due from the Hales under a contract then that contract amount will determine the amount of the

lien. If the trier of the facts determines there was no contract fixing fees, Jarman may nevertheless be entitled to recover under a quantum meruit theory. Again the amount of the lien would equal the additional fees awarded, if any.

Finally, by answer and counterclaim the Hales have contested Jarman's entitlement to any fees in addition to those already paid. The Hales have demanded a jury trial on all issues. They have asked this court to rule that the district court erred in not granting their request for a jury trial on the issue of their liability for fees, as well as on the other counterclaim issues. As far as we can determine from the record, the district court has yet to decide this issue.

The Idaho Supreme Court in *Neal v. Drainage District No. 2,* 42 Idaho 624, 248 P. 22 (1926), held that under article I, section 7 of the Idaho Constitution, a defendant has a right to a jury in an action to recover attorney fees. Similarly, the United States Supreme Court held that "a suit to determine and adjudicate the amount of fees owing to a lawyer by a client" is a legal action presenting issues to be submitted to a jury. *Simler v. Conner,* 372 U.S. 221, 223, 83 S.Ct. 609, 611, 9 L.Ed.2d 691 (1963). *Accord Taylor v. Barnhill,* 470 P.2d 902 (Colo.Ct.App.1970); *Sarkeys v. Haas,* 402 P.2d 894 (Okla.1965). The record before us presents a factual dispute over terms of the parties' agreement as to fees and as to whether fees have been earned and properly billed. The Hales are entitled to have these disputed issues of fact determined by a jury.

■ However, separate issues are posed by a charging lien of an attorney that is equitable in nature and triable to the court. *Frazee v. Frazee,* 104 Idaho 463, 660 P.2d

---

3. A minute entry dated September 10, 1984 signed by the district judge indicates that "the Memorandum & Order and Judgment would be amended to reflect that the lien in favor of Mr. Jarman and against Hale is in the amount of $27,768.21." Apparently this represents an at-

tempt by the parties and the court to limit the *claim* of lien to $27,768.21, the amount Jarman has alleged in his complaint to be due him for unpaid fees and costs. We assume the purpose is merely to free the remainder of the $100,000 judgment from any claim of lien by Jarman.

.928 (1983). The court and not a jury will determine the validity of the lien and the scope thereof. *Skelton v. Spencer, supra.* As noted earlier, the amount of any lien will be limited by the amount found to be due from the client to the attorney.

In summary, we vacate the order granting partial summary judgment to Jarman on the Hales' counterclaim. We remand for further proceedings consistent with this opinion. Costs to appellants, the Hales. No attorney fees awarded on appeal.

WALTERS, C.J., and McFADDEN, J. Pro. Tem., concur.