768 P.2d 815

**Stanley G. COLE and Mark J. Taylor, individually and d/b/a Cole & Taylor, Attorneys at Law, a partnership, and Stanley G. Cole Law Offices, Plaintiffs–Appellants,**

v.

**Floyd W. KUNZLER and Irva Kunzler, husband and wife, Defendants–Respondents.**

No. 17012.

Court of Appeals of Idaho.

Feb. 1, 1989.

---

Raymundo G. Pena, Rupert, for plaintiffs-appellants.

Alfred E. Barrus, Barrus, Bywater & Smyser, Burley, for defendants-respondents.

WALTERS, Chief Judge.

This case involves application of the doctrine of res judicata in an action brought by two attorneys to collect fees allegedly due them from a former client. The collection action was filed in the magistrate division of the district court. On motion for summary judgment filed by the defendants (one of them being the former client), the trial judge held that the claim was barred by an adjudication previously made in favor of the client in another action instituted by one of the attorneys to enforce a lien for recovery of the fees. The court also awarded costs and attorney fees to the defendants for defending the instant action and, further, denied a motion by the attorneys for an award to them of fees incurred as the result of a continuance granted to the defendants during the proceedings. The trial court's determinations were upheld on appeal to the district court. We also affirm the trial court's judgment.

The case comes to us with the following background. The appellants, Stanley Cole and Mark Taylor, practiced law together. Their office was in Rupert, Idaho. Taylor represented Floyd Kunzler (one of the defendants herein) in a dispute involving the administration of the estate of Kunzler's father in neighboring Cassia County.[1] Kunzler was an heir in the estate, and, for a time, served as personal representative of the estate. During pendency of the estate proceeding and before the assets remaining in the estate had been distributed to the heirs, Taylor and Cole severed their business relationship. In that process, Cole evidently assumed control over their account receivable for fees allegedly due from Kunzler. Cole filed a petition in the estate proceeding, seeking an adjudication and enforcement of the right of Cole and Taylor to an attorney's lien under I.C. § 3-205[2], in the amount of $5,238.20, against the assets of the estate distributable to Floyd Kunzler.

An evidentiary hearing on Cole's petition was held before the magistrate presiding over the administration of the estate. At that hearing, Cole relied upon his affidavit —filed with his petition—to support his claim, and Floyd Kunzler testified in person. The magistrate subsequently entered a written decision and order denying relief to Cole. The magistrate determined that Cole had failed to prove he and Taylor were entitled to any fees beyond the amount Kunzler already had paid them for representation in the controversy involving the estate. Cole later filed a motion for reconsideration of the magistrate's ruling. The motion was denied.

Cole did not appeal in the Cassia County proceeding. Instead, Cole and Taylor filed another action—this time in Minidoka County—directly against Floyd Kunzler

1. Prior proceedings concerning the estate are reported in *Matter of Estate of Kunzler,* 109 Idaho 350, 707 P.2d 461 (Ct.App.1985); and *Matter of Estate of Kunzler,* 108 Idaho 374, 699 P.2d 1388 (1985).

2. This statute, I.C. § 3-205, provides:
   The measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties, which is not restrained by law. From the commencement of an action, or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action or counterclaim, which attaches to a verdict, report, decision or judgment in his client's favor and the proceeds thereof in whosoever hands they may come; and can not be affected by any settlement between the parties before or after judgment.

and his wife, Irva.[3] In that action, the present one, Cole and Taylor alleged the Kunzlers were indebted to them in the amount of $5,238.20 on an account stated theory. To secure recovery of the amount sought in their complaint together with fees for pursuing the action, Cole and Taylor obtained a writ of attachment directed to the First Interstate Bank, N.A., in Burley, Cassia County, Idaho, ordering the bank to keep in its possession and not to release to the Kunzlers, $7700 distributable to Floyd Kunzler from the estate of Kunzler's father.[4] The writ included a temporary restraining order enjoining Kunzler from disposing of his interest in the property held by the bank, but provided that he could obtain possession of the property by filing, with the clerk of the court, a written undertaking (in a specified amount) executed by two or more sureties. Conjunctively, the court issued an order to the Kunzlers directing them to appear before the court at a scheduled hearing and show cause why the writ of attachment should not remain in force during the pendency of the action.

The Kunzlers appeared in person before the court, in compliance with the order to show cause. Because they were not represented by counsel, upon their request the proceeding was continued for one week, to permit them to obtain an attorney. Counsel for Cole and Taylor objected to the continuance, unsuccessfully. He also moved for an order allowing him attorney fees against the Kunzlers for preparation for the show cause hearing. The court took that motion under advisement.

Within the time frame allowed by the court, an attorney filed a notice of appearance for the Kunzlers. He also filed a motion to dismiss Cole's and Taylor's action

and, later, an answer to their complaint. As an affirmative defense, the Kunzlers alleged that Cole's and Taylor's claim for collection of their account had been litigated and adjudicated previously and was therefore barred by the doctrine of res judicata. Because this action purportedly was barred, the Kunzlers also requested an award of attorney fees for defending the action, contending that the suit was frivolous, unreasonable and without foundation. Simultaneous with that answer, an affidavit by Floyd Kunzler was filed, outlining the lien-claim proceedings in the estate matter in Cassia County. Kunzlers' counsel followed up with a motion for summary judgment.

In the process of considering the summary judgment motion, the court and counsel listened to a tape recording of the proceeding held before the Cassia County magistrate on the petition to adjudicate the attorney's lien.[5] Copies of documents connected with that proceeding also were presented to the court. They included Cole's petition to adjudicate the claim of lien; his affidavit supporting the petition; the written decision and order of the magistrate denying the petition; Cole's motion to reconsider the magistrate's ruling; and the magistrate's written decision and order denying that motion.

Following oral arguments, supplemented by written briefs submitted on behalf of the parties, the court granted summary judgment to the Kunzlers. The court determined that the entitlement of Cole and Taylor to fees from Floyd Kunzler had been litigated previously in the estate proceeding in Cassia County, and that relitigation of their claim was barred.

Having prevailed, the Kunzlers applied to the court for an order allowing recovery

---

3. During one of the hearings held in this action, counsel for Cole and Taylor explained that the complaint was filed in Minidoka County because that county was the situs of Cole's and Taylor's law office where they had entered into the attorney-client relationship' with Kunzler. The complaint alleged that Kunzlers were residents of the state of Utah.

4. Later, in order to close the estate proceeding, the bank turned the attached funds over to the

clerk of the court in Minidoka County, pursuant to a stipulation, to be held pending the outcome of this litigation. Eventually, during appeal of this case to the district court, a district judge ordered release of the funds to the Kunzlers.

5. The tape recording was then returned to the court file in Cassia County and was not included in the record presented to us in this appeal.

of attorney fees and costs incurred in defending the action. Over timely objection by Cole and Taylor, the court granted the Kunzlers' request. The court found that the Kunzlers were entitled to the award upon two grounds. First, the court reasoned that the prejudgment attachment statute, I.C. § 8–503, renders the plaintiff responsible for all costs (including attorney fees) awardable to a defendant who prevails in an action where a writ of attachment has been issued. Second, the court held that Cole's and Taylor's action was brought unreasonably and became frivolous once the res judicata defense became clearly apparent, thus permitting an award of fees and costs also on those grounds. *See* I.R.C.P. 54(e)(1); I.C. § 12–121. Finally, the court denied the request for fees incurred by counsel for Cole and Taylor in preparation for the first hearing in this case.

On appeal by Cole and Taylor to the district court, the summary judgment and the trial court's orders with respect to fees and costs were affirmed.[6] Cole and Taylor then appealed to this Court.

Cole and Taylor submit three issues for determination: (1) whether the trial court erred in granting summary judgment to the Kunzlers on the basis of res judicata; (2) whether the trial court abused its discretion in awarding costs and attorney fees to the Kunzlers; and (3) whether the trial court erred in refusing to award fees to Cole and Taylor incurred as a result of the continuance granted to the Kunzlers. We will address each of these issues in turn, reviewing the record of the trial court independently of the district court's intermediate appellate decision. *Matter of Griffiths*, 113 Idaho 364, 744 P.2d 92 (1987).

I

*Res Judicata*

We first note the standard of review on the res judicata issue determined by the trial court on summary judgment. Cole and Taylor do not suggest that any genuine issue of material fact existed which would preclude the trial court in this case from granting a summary judgment under I.R.C.P. 56(c). Their arguments, instead, go only to the question, whether, as a matter of law, their suit to collect unpaid fees due from the Kunzlers is barred as a result of Stanley Cole's separate but unsuccessful attempt to obtain an order favorably adjudicating the validity of the alleged lien against Floyd Kunzler's inheritance. Because this is a question of law, we exercise free review. *Standards of Appellate Review* § 3.2, IDAHO APPELLATE HANDBOOK (Idaho Law Foundation, Inc., 1985).

The doctrine of res judicata precludes relitigation of a matter previously adjudicated. It has two components—claim preclusion and issue preclusion. In *Aldape v. Akins*, 105 Idaho 254, 668 P.2d 130 (Ct. App.1983), we explained that claim preclusion treats a judgment, once rendered, as the full measure of relief to be accorded between the parties on the same claim. If judgment is rendered for the plaintiff, then his claim "merges" into the judgment and he may seek no further relief on the claim. Conversely, when a judgment is rendered for a defendant, the plaintiff's claim is extinguished and the judgment acts as a "bar" to further relief sought by the plaintiff on the same claim. The issue preclusion component of res judicata (sometimes referred to as collateral estoppel) bars the relitigation of issues actually adjudicated and essential to the judgment entered in prior litigation.

To determine whether claim preclusion or issue preclusion applies to this case, it is necessary to review the process attendant to Cole's unsuccessful prosecution of a lien claim in the estate proceeding. The lien asserted by Cole is what is known as an "attorney's charging lien." *See Frazee v. Frazee*, 104 Idaho 463, 660 P.2d 928 (1983). In *Skelton v. Spencer*, 102 Idaho 69, 625 P.2d 1072, *cert. denied* 454 U.S. 894, 102 S.Ct. 390, 70 L.Ed.2d 208 (1981), our Su-

---

**6.** The district court also awarded attorney fees to the Kunzlers in the appeal from the magistrate division. Cole and Taylor do not raise any issue with regard to that award, in the instant appeal.

preme Court set forth five requirements of an attorney's charging lien:

(1) that there is a fund in court or otherwise available for distribution on equitable principles, (2) that the services of the attorney operated substantially or primarily to secure the fund out of which he seeks to be paid, (3) that it was agreed that counsel look to the fund rather than the client for his compensation, (4) that the lien claimed is limited to costs, fees or other disbursements incurred in the litigation by which the fund was raised and (5) that there are equitable considerations which necessitate the recognition and application of the charging lien.

102 Idaho at 76, 625 P.2d at 1079. Not specifically mentioned among those requisites, but patently indispensable to the assertion of a charging lien, is the fundamental necessity that there exist a debt owed by the client to the attorney for the attorney's efforts with respect to the fund against which the lien is asserted. We addressed this aspect of an attorney's charging lien in a case decided the year after Cole unsuccessfully sought to enforce his lien in Cassia County. In *Jarman v. Hale*, 112 Idaho 270, 731 P.2d 813 (Ct.App. 1986), we were presented with the question of whether an attorney, Jarman, could have a charging lien against a judgment in favor of his clients, the Hales, in an action under 42 U.S.C. § 1983. We said:

[T]here can be no adjudication that Jarman has a valid lien in any amount until it is first determined that some amount is owing from the Hales to Jarman in addition to those fees already paid. If there is an amount of fees and costs due from the Hales under a contract then that contract amount will determine the amount of the lien. If the trier of the facts determines there was no contract fixing fees, Jarman may nevertheless be entitled to recover under a quantum meruit theory. Again the amount of the lien would equal the additional fees awarded, if any.

112 Idaho at 275, 731 P.2d at 818.

In the present case, the magistrate in Cassia County held that Cole had failed to prove any indebtedness owed to him from Floyd Kunzler. In a written decision, after stating rules of law applicable to attorney's lien actions, the magistrate determined:

It is thus clear that counsel seeking to enforce an attorney's lien must, in an adjudicative process, show the reasonableness of the fees.

In the present action, counsel has submitted an affidavit which does nothing more than allege that a certain amount has been billed and not paid. The affidavit does not even claim that the fees are reasonable.

Floyd Kunzler testified at the hearing and provided the court with what little information there is in the record to establish what the fee arrangement between the parties was. He testified that he had agreed to pay between $60 and $75 per hour for the work performed by the attorneys. He further testified that he had personally paid the sum of $500 and that between $700 and $1,000 had been paid to counsel by other family members for the representation. Short of that, the record is devoid of any evidence from which the court can adjudicate counsel's claim. It is clear that the burden is upon counsel to produce sufficient evidence to convince the court that he is entitled to the fees claimed and that they are reasonable. In this case the record is devoid of any evidence from which the court can make such a determination.

It is clear that counsel is entitled to some amount of fees for the representation, but there is no showing as to what work has been done, what charges have been made and the record is unclear as to how much has been previously paid. It is clear, however, that some amounts have been paid.

The court therefore finds that counsel has failed to meet his burden to establish an entitlement to any further fees. The court will therefore deny the application for enforcement of attorney's lien.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the Petition for Adjudication and

Enforcement of Attorney's Lien be, and the same is hereby in all respects denied. As noted earlier, Cole and Taylor did not seek appellate review of the magistrate's decision. Thus it was adjudicated to finality that no debt was owed by Kunzler to the attorneys, whether to serve as the basis for an attorney's lien or otherwise.[7]

It is clear that the action to enforce the lien subsumed the issue of whether Kunzler was indebted to Cole and Taylor. That issue was an integral part of the litigation concerning the validity of the lien. *Jarman v. Hale, supra.* Its resolution was necessary to arrive at a judgment in the action. Having been resolved against Cole and Taylor in the lien action, reassertion of the existence of the debt in a later action by them is barred by the issue preclusion facet of res judicata.[8]

Cole and Taylor attempt to distinguish the lien action and the collection action on the ground that the lien proceeding was an "equity" action whereas the collection suit was a "legal" action brought to recover damages on a contract theory. They submit that their collection action was not "cognizable" under the petition for adjudication in the lien case. We are not persuaded that their contentions have any merit.

The distinctions between actions at law and suits in equity, and the forms of all such actions and suits, have been abrogated in Idaho. *See* IDAHO CONST. art. 5 § 1. It has long been settled that legal and equitable[9] causes of action may be joined in the same complaint. *Carroll v. Hart-*

*ford Ins. Co.,* 28 Idaho 466, 154 P.2d 985 (1916); I.R.C.P. 18(a). A judgment on the attorneys' "contract" action certainly could have been pursued in conjunction with the adjudication of their lien. It is well settled that an action may be maintained to obtain a personal judgment on a debt, in the same action to establish a lien as security for the debt, where privity of contract can be proved. *Mitchell v. Flandro,* 95 Idaho 228, 506 P.2d 455 (1972). If the right to a lien fails, but liability on the underlying contract giving rise to the claim for the lien can be proven, then a personal judgment in the same action could result. *Ross v. Olson,* 95 Idaho 915, 523 P.2d 518 (1974); *Lus v. Pecararo,* 41 Idaho 425, 238 P. 1021 (1925). Here, of course, not only did the lien fail, but it failed because Cole and Taylor were unable to prove that an underlying debt existed, albeit a personal judgment against Kunzler was not—but could have been—sought in the action. We conclude the trial court correctly held that the instant action was barred by res judicata.

## II

### Award of Defense Attorney Fees and Costs

■ We turn next to the trial court's award of costs and fees to the Kunzlers for defending this action. As noted earlier, the trial court determined that the award should be made upon two alternative grounds: (1) under the attachment statute, I.C. § 8–503; and (2) under the civil proce-

---

7. *Compare, Nancy Lee Mines, Inc. v. Harrison,* 93 Idaho 652, 471 P.2d 39 (1970) (Harrison I) and *Harrison v. Nancy Lee Mines, Inc.,* 110 Idaho 139, 714 P.2d 529 (Ct.App.1986) (Harrison II). In *Harrison I* our Supreme Court held that a claim of *possessory* lien by an attorney upon his client's books and records was invalid because the attorney had asserted his claim seeking recovery of a debt for "managerial" services unrelated to legal services provided by him. Consequently, the Court upheld a trial judge's order of mandamus directing the attorney to release the books and records to his client. Later, in *Harrison II,* when the attorney sued to collect both for his legal services and for his managerial services, we held that while a *claim of lien* for those services was barred by res judicata based upon *Harrison I,* the attorney's

independent action to collect the debt was not barred, since resolution of the existence of the debt was not essential to the mandamus question in *Harrison I* and had not been litigated or adjudicated in that case.

8. The doctrine of issue preclusion is subject to numerous exceptions. *See* RESTATEMENT (SECOND) OF JUDGMENTS § 28 (1982). However, none of them appears to be applicable in this case.

9. "The charging lien of an attorney is equitable in nature and triable to the court." *Frazee v. Frazee,* 104 Idaho 463, 466, 660 P.2d 928, 931 (1983).

dure rule, I.R.C.P. 54(e)(1),[10] permitting an award of fees pursuant to I.C. § 12–121 in an action brought unreasonably. Cole and Taylor pose two arguments challenging the award. First, they contend the court erred by resorting to I.C. § 8–503, for authority to make the award, because the defendants never requested an award under that statute. Second, they submit that—contrary to the trial court's findings—the record in this case shows that their action was not pursued frivolously or unreasonably so as to justify an award under I.R.C.P. 54(e)(1).

We need not decide whether the provisions of I.C. § 8–503 apply to this case[11] since the court's award can be upheld on the alternative basis found by the court, under Rule 54(e)(1). The trial court's decision was straightforward. The court decided that after Cole and Taylor had lost on their lien claim in Cassia County, the appropriate remedy would have been to perfect an appeal in that proceeding; and that subjecting the Kunzlers to further litigation in another county on the same issue was unreasonable. The court also decided that "once the res judicata defense became so blatantly apparent," further litigation became frivolous. Based upon these determinations, the trial court concluded that an award of fees should be made under Rule 54(e)(1). We have no hesitancy in stating that the trial court's decision is fully supported by the record in this case. We find no abuse of discretion in the court's award of fees under Rule 54(e)(1).

## III

### Denial of Attorney Fees to Plaintiffs

■ Finally, Cole and Taylor submit that the trial court erred by refusing to award fees to them for their counsel's appearance at the initial hearing before the court when a continuance was granted at the request of the Kunzlers. Again, this was a discretionary ruling. See *Aumock v. Kilborn*, 53 Idaho 506, 25 P.2d 1047 (1933). The court's authority with respect to the award requested by Cole and Taylor is found in I.R.C.P. 54(d)(3). That rule provides:

> In the event any party to an action applies for an enlargement of time or postponement of a hearing or trial, the court in its discretion may impose and tax costs and expenses occasioned thereby against the moving party as a condition to such enlargement or postponement.

It will be recalled that the continuance was granted in order for the Kunzlers to obtain an attorney to assist them in the case. Cole and Taylor do not argue that the reason for this continuance was inappropriate. They contest only the court's exercise of its discretion in not allowing recovery of fees for their attorney's appearance.

**10.** Rule 54(e)(1), I.R.C.P., provides as follows: In any civil action the court may award reasonable attorney fees to the prevailing party or parties as defined in Rule 54(d)(1)(B), when provided for by any statute or contract. Provided, attorney fees under section 12–121, Idaho Code, may be awarded by the court only when it finds, from the facts presented to it, that the case was brought, pursued or defended frivolously, unreasonably or without foundation; but attorney fees shall not be awarded pursuant to section 12–121, Idaho Code, on a default judgment.

**11.** Even though I.C. § 8–503 was brought into this case when the plaintiffs obtained a writ of attachment, and any remedy to which the defendants may be entitled under the statute would therefore exist without a request by the defendants, it is debatable whether an award in fact should have been made under that statute. The statute provides that a party aggrieved by a wrongful attachment may recover costs and damages sustained "by reason of the attachment." This recovery may include attorney fees incurred in successfully challenging the attachment. *Valley Bank v. Dalton*, 110 Idaho 87, 714 P.2d 56 (Ct.App.1985). However, when the attachment itself is not challenged, but the aggrieved party defeats the attachment simply by prevailing in the dispute over the alleged debt, the right to recover attorney fees under I.C. § 8–503 is unclear. *Compare Moseley v. Fidelity and Deposit Co. of Maryland*, 33 Idaho 37, 189 P. 862 (1920) (award proper where nonresident defendant was required to appear and contest action in which his property was attached, or suffer default, and defendant prevailed in action), *with Randall v. United States Fidelity and Guaranty Co.*, 53 Idaho 310, 23 P.2d 319 (1933) (resident defendant retained attorney in advance of suit, appeared and challenged attachment but then abandoned challenge and successfully defended suit on its merits, *held* not entitled to award of fees in the action).

The court's reason for denying the request for fees was expressed by the court in an oral ruling from the bench. Essentially, the court determined that it would be inappropriate to require the Kunzlers to pay for a part of Cole's and Taylor's representation when the collection action should not have been pursued by Cole and Taylor in the first place because of its bar under the doctrine of res judicata. We find no fault with the judge's reasoning. We hold the trial court did not abuse its discretion in denying the plaintiffs' request for fees.

### Summary

In summary, the judgment of the magistrate division—including the orders regarding fees and costs—and the decision of the district court upholding those determinations, are affirmed. After reviewing the record we are left with the abiding belief that this appeal was without foundation, was unreasonably brought and was frivolous. *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 591 P.2d 1078 (1979). Therefore, in addition to allowable costs, reasonable attorney fees on appeal are awarded to the respondents, Kunzlers. The amounts will be determined under I.A.R. 40 and 41.

BURNETT and SWANSTROM, JJ., concur.