842 P.2d 288

**Ronald J. JARMAN, Plaintiff–
Counterdefendant–
Respondent,**

v.

**Tom HALE, Defendant–
Counterclaimant–
Appellant.**

No. 18801.

Court of Appeals of Idaho.

Sept. 29, 1992.

Rehearing Denied Sept. 29, 1992.

Petition for Review Denied Dec. 31, 1992.

Tom F. Hale, pro se.

Ward, Maguire & Bybee, Pocatello, for respondent. David H. Maguire, argued.

## SUBSTITUTE OPINION

This Court's prior opinion dated April 22, 1992, is hereby withdrawn.

### SWANSTROM, Judge.

Tom Hale appeals from a partial summary judgment of September 18, 1990, which dismissed most of Hale's counterclaims against his former attorney Ronald J. Jarman. Hale contends in this appeal that the district court erred in dismissing his claims against Jarman for negligence, breach of fiduciary trust, breach of the implied covenant of good faith, defamation, fraud, and fraud upon the court as alleged in the amended counterclaim. He also contends that District Judge Granata should have granted Hale's motion for disqualification of the judge, his motion for change of venue, and motion for constructive trust. In discussing these issues below, we explain our reasons for affirming the partial summary judgment.

Ronald Jarman represented Tom Hale as legal counsel in a successful 42 U.S.C. § 1983 action (the ISU action) against certain individuals and Idaho State University (collectively ISU) for the alleged wrongful termination of Hale's teaching contract. The ISU action resulted in a $100,000 verdict and judgment in favor of Hale in November, 1982. ISU filed an appeal and Hale cross appealed. In June, 1983, Hale discharged Jarman and hired attorney Michael Crapo to continue the appeal. *See Hale v. Walsh*, 113 Idaho 759, 747 P.2d 1288 (Ct.App.1987) (upholding jury verdict as to liability but remanding for reconsideration of issues relating to damages, reinstatement and attorney fees).

In July, 1983, Jarman filed a complaint for enforcement of an attorney's lien against the judgment in the ISU action. Hale counterclaimed, alleging that Jarman had negligently litigated the ISU action and had intentionally inflicted emotional distress upon Hale by filing the lien. Jarman moved to dismiss or to strike the counterclaim. The district court (Judge Woodland) granted the motion to dismiss as to the claim for emotional distress on June 11, 1984. In August, Judge Woodland entered a partial summary judgment for Jarman, granting the lien and dismissing Hale's counterclaim for negligence; he later denied Hale's motion for reconsideration. Hale obtained an I.R.C.P. 54(b) certificate of finality and appealed. This Court vacated the partial summary judgment and remanded the action. *Jarman v. Hale*, 112 Idaho 270, 731 P.2d 813 (Ct.App.1986).

In September, 1988, after remand of the ISU action, Hale settled all claims against ISU for $375,000, which included compensatory damages, lost earnings, reinstatement of Hale's teaching position at ISU, and Hale's entitlement to attorney fees under 42 U.S.C. § 1988. At the same time, Hale agreed that Jarman would receive $40,000 from the settlement fund as full satisfaction of his fees for representing Hale in the trial of the ISU action. This settlement resulted in dismissal of Jarman's claim against Hale, but Hale's counterclaim against Jarman was not dismissed.

In January, 1990, Hale was allowed to amended his counterclaim. He expanded his former claim for negligence (legal malpractice) and he repled his claim for inten-

tional infliction of emotional distress. To these, Hale added claims for breach of fiduciary trust, breach of implied covenant of good faith and fair dealing, defamation, fraud, and fraud upon the court. Jarman filed a motion to dismiss and a motion for summary judgment, asserting that no genuine issues of material fact existed as to Hale's claims and that Jarman should be granted summary judgment.

By opinion and order entered May 29, 1990, the district court (Judge Granata) granted summary judgment to Jarman as to all of the claims raised by Hale's counterclaim. The court dismissed the counterclaim in its entirety. The judgment was entered on June 7, 1990, and Hale appealed on July 3.

Hale also filed a timely motion to have the district court reconsider the summary judgment, contending that it was contrary to the remand order issued by this Court in *Jarman v. Hale, supra.* Following the hearing on reconsideration, the district court concluded that it had "erred in dismissing the negligence claim as to, and *only* as to, those specific allegations within the negligence claim in which Hale, as a nonexpert, is entitled to testify, as reflected in [*Jarman v. Hale, supra*]." Accordingly, the earlier judgment was withdrawn and replaced by a partial summary judgment of September 18, 1990, dismissing all claims against Jarman, except the following negligence claims which were revived by the order:

A. dropping [the] Board of Education [as a defendant in the ISU action] without consultation;

B. abandoning punitive damages without consultation; ...

J. failure to ask Judge Oliver to reconsider post-trial rulings as client had requested; ...

L. failure to convey settlement offer to Idaho State University lawyers that Hale would accept less money in damages in order to get his job back; ...

CC. failure to advise Hale on mitigation of damages....

The balance of Hale's claims, in particular the expanded claims of negligence and other claims newly raised in the amended counterclaim, were dismissed under *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), because sufficient facts were not shown to establish all required elements of the claims.

On October 26, 1990, District Judge Granata granted Hale's request for an I.R.C.P. 54(b) certificate, making the partial summary judgment final and appealable. No new notice of appeal was filed from the partial summary judgment resulting from Hale's timely request for reconsideration of the judgment originally appealed. We will, however, treat the July 3, 1990, notice of appeal as a premature notice of appeal from the partial summary judgment and will consider errors raised therein and in various other orders entered on the same date as the Rule 54(b) certificate of finality. *See* I.A.R. 17(e)(1)(C); I.A.R. 17(e)(2).

### Standard of Review

■ When evaluating a grant of summary judgment, we review the record to determine if there are genuine issues of material fact and whether the prevailing party is entitled to judgment as a matter of law. I.R.C.P. 56(c); *Anderson v. City of Pocatello,* 112 Idaho 176, 731 P.2d 171 (1986). Facts in the record and all reasonable inferences drawn from those facts are viewed in favor of the nonmoving party. *Id.* at 179, 731 P.2d at 174.

■ A party opposing a motion for summary judgment has the burden of presenting sufficient evidence to establish a triable issue which arises from the facts, and a genuine issue of fact is not created by a mere scintilla of evidence. *Johnson v. Gorton,* 94 Idaho 595, 598, 495 P.2d 1, 4 (1972). Summary judgment is proper if the evidence before the court on the motion would warrant a directed verdict if the case were to go trial. *Id.* Further, a nonmoving party's failure to make a showing sufficient to establish the existence of an element essential to that party's case, on which that party will bear the burden. of proof at trial, requires the entry of sum-

mary judgment. *Celotex Corp. v. Catrett, supra; see also* I.R.C.P. 56(c). "In such a situation, there can be no 'genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett,* 477 U.S. at 322–23, 106 S.Ct. at 2552.

### Claim of Intentional Infliction of Emotional Distress

■ Hale asserts that his claim against Jarman for intentional infliction of emotional distress should be tried by a jury. He alleged in his affidavit in opposition to the summary judgment motion that by filing the complaint for an attorney's charging lien, Jarman "violated all standards of decency," hauling Hale into court as a debtor at a time when Hale was enduring trauma and depression from loss of income, loss of career, huge outstanding loans and the stigma and shame of having been fired. He contends that the affidavits of his doctor and a psychiatrist, originally submitted in 1983 in the ISU action,[1] establish the severe nature of Hale's distress. He also contends that the affidavit of his expert, attorney Joe Burgess, supports his claim that Jarman intentionally inflicted emotional distress on Hale. Hale argues that on reconsideration of the summary judgment, the district court erred in dismissing the emotional distress claim in view of the affidavits before the court.

The district court decided that Hale had failed to establish two of the essential elements of the claim of intentional infliction of emotional distress. The court looked to *Davis v. Gage,* 106 Idaho 735, 682 P.2d 1282 (Ct.App.1984), which requires that the conduct complained of be extreme and outrageous and that the distress suffered be severe. The judge concluded that Hale's amended counterclaim and affidavit opposing the summary judgment gave no evidence of extreme and outrageous conduct on the part of Jarman causing emotional

distress which was "so severe that no reasonable man could be expected to endure it."

The district judge fully considered this issue and stated sound reasons for his decision. Nevertheless, we uphold the court's decision based upon a different legal theory. *See, e.g., Estate of Bagley,* 117 Idaho 1091, 1093, 793 P.2d 1263, 1265 (Ct.App. 1990).

As noted earlier, Judge Woodland dismissed Hale's claim for emotional distress on June 11, 1984. The dismissal order became final "with prejudice" with the entry of the first summary judgment certified as final under I.R.C.P. 54(b). Hale appealed from that summary judgment, raising several issues, but he did not contend that the district court erred in dismissing his claim for emotional distress. *See Jarman v. Hale, supra.* In *Capps v. Wood,* 117 Idaho 614, 618, 790 P.2d 395, 399 (Ct.App.1990), we said:

> [U]nder the "law of the case" principle, on a second or subsequent appeal the courts generally will not consider errors which arose prior to the first appeal and which might have been raised as issues in the earlier appeal. *See* 5 AM.JUR.2d *Appeal and Error* § 752 (1962). This approach discourages piecemeal appeals and is consistent with the broad scope of claim preclusion under the analogous doctrine of res judicata. [Footnote omitted.]

Accordingly, we affirm the second dismissal of Hale's claim for emotional distress, by Judge Granata, without further discussion of the issue.

■ Hale raises as a separate question on appeal whether the district court erred in not considering his experts' affidavits which were submitted to the court in connection with the motion for reconsideration and not until after the hearing on the original summary judgment motion. He has, however, shown no authority establishing that a party is entitled to submit new affidavits for a reconsideration of any order

---

**1.** These affidavits are from the appeal record in *Jarman v. Hale, supra,* which was made a part

of the record in this appeal by augmentation.

pursuant to I.R.C.P. 11(a)(2)(B) and I.R.C.P. 56(e).[2] Upon a reconsideration, then, Hale cannot rely on these post-hearing affidavits as support for his contention that there exist genuine issues of material fact with regard to his various claims. The district court was correct in restricting its reconsideration to the affidavits timely filed by the party opposing the motion for summary judgment.

### Claims Barred by the Statute of Limitation

■ The claims for defamation and for fraud upon the court were first raised in Hale's amended counterclaim filed January 12, 1990. The district court, in the order on summary judgment, dismissed both of these claims after concluding that the amended claims were barred by the applicable statutes of limitation. Hale appeals the dismissal arguing that the 1984 affidavit of Robert Gonzales, referring to disparaging remarks allegedly made about Hale by Jarman's counsel, and two letters dated 1983 from Jarman to a third party belittling and defaming Hale, present triable issues of fact and, therefore, preclude summary judgment of the defamation claim.

In dismissing Hale's defamation claim and his claim of fraud upon the court, the district court in its opinion dated May 29, 1990, addressed the origin of the claims and the time within which the action should have been brought:

> The time period in which the alleged defamation arose was subsequent to the [summons and complaint for attorney's charging lien] being served upon Mrs. Hale. Since the original complaint did not give notice of the legal theory of defamation, the amended claim for defamation is a new cause of action which

does not relate back, pursuant to I.R.C.P. 15(c); therefore, the filing date for the claim of defamation is January 12, 1990.

> I.C. § 5–219 requires that an action for libel or slander be brought within two years of the wrongdoing; in other words, a cause of action accrues at the time of the wrongdoing, rather than at the time of the discovery of the wrongful act. *See, Wing v. Martin,* 107 Idaho 267, 688 P.2d 1172 (1984).

> The court rules that the alleged defamatory remarks made by Mr. Jarman occurred more than two years prior to the filing of Mr. Hale's Amended Counterclaim/Complaint; therefore, the claim for defamation is barred by I.C. § 5–219.

> . . . .

> [T]he court concludes that Mr. Hale's claim for fraud upon the court is based upon Mr. Jarman's claim for attorney's lien or attorney fees filed July 27, 1983. . . .

> The court determines that the original counterclaim did not give notice of the legal theory of fraud upon the court because a claim for negligent conduct, such as exorbitant and inaccurate billing, does not rise to the level of fraudulent conduct. Additionally, Mr. Hale's amended claim for fraud upon the court arose at a different period of time and with regard to a different set of facts than those set forth in the original counterclaim alleging negligence and intentional infliction of emotional distress.

> Since the original counterclaim of negligence did not give Jarman notice of the legal theory of fraud upon the court, the amended claim for such constitutes a new cause of action which does not relate back, pursuant to I.R.C.P. 15(c); there-

---

**2.** I.R.C.P. 11(a)(2)(B) deals with motions for reconsideration and the time within which they are to be made. I.R.C.P. 56(e) relates to the form of affidavits, supplementary testimony and the defense required of a party adverse to summary judgment.

We acknowledge that *Coeur d'Alene Mining Co. v. First National Bank,* 118 Idaho 812, 800 P.2d 1026 (1990), directs that a trial court, when hearing a motion for reconsideration of an interlocutory order pursuant to I.R.C.P.

11(a)(2)(B), should take into account any new facts that bear on the correctness of the order. This authority, however, relates only to a motion for reconsideration of the specification of facts fixed pursuant to I.R.C.P. 56(d) and is further limited to interlocutory orders. The summary judgment which Hale asked the district court to reconsider disposed of all of the issues before the court and was a final order, and not interlocutory.

fore, the filing date for the claim of fraud upon the court is January 12, 1990.

I.C. § 5–218 requires that an action for fraud or mistake be brought within three years of the discovery of the wrongdoing.... [T]he court rules that Mr. Hale had discovered the alleged fraud by July 16, 1984, more than three years prior to the filing of Mr. Hale's Amended Counterclaim/Complaint; therefore, the claim for fraud upon the court is barred by I.C. § 5–218.

In the summary judgment proceeding, the district court properly limited its consideration to the disputes regarding only the issues raised by the pleadings, and our review on appeal is similarly limited. *See Bennett v. Bliss,* 103 Idaho 358, 360, 647 P.2d 814, 816 (Ct.App.1982).[3] We conclude that the district court's reasoning was sound and we will not overturn the dismissal of the defamation claim and the claim of fraud upon the court.

### Fraud Claim

■ In his amended counterclaim, Hale alleged that Jarman committed fraud with regard to his billing for services performed in the ISU action. Hale contended that Jarman's billings were inaccurate, that he had billed for work not done, that his hourly charge was more than the amount agreed upon, and that he had insisted upon and accepted $40,000 in 1988, which amount was in excess of the parties' fee arrangement. Hale also alleged that Jarman had not conducted independent research and had not followed Hale's instructions to fully argue for reinstatement at the trial in the ISU action, which Hale construed as fraudulent and deceitful conduct. Hale's claim for fraud, however, did not survive Jarman's motion for summary judgment.

The district court held under *Celotex v. Catrett, supra,* that Jarman was entitled to judgment as a matter of law because

Hale had failed in his proof of several required elements of a claim of fraud. The court held that Hale's affidavit in opposition to the summary judgment did not set forth with any specificity a basis for Hale's claim for fraud. Hale contends that the district court erred in dismissing this claim.

■ In his brief on appeal, Hale argues that the district court distorted the *Celotex* standard by allowing Jarman to "cunningly shift the burden of proof" of fraud to Hale. Hale insists that Jarman's itemized billing raised Hale's suspicions that Jarman was misbilling and billing for work not done. Under those circumstances, according to Hale, the court was faced with a badge of fraud which Jarman had to explain through an accounting—in other words, Jarman had the burden to prove the validity and the reasonableness of his time records and charges. Hale also argues that the district court improperly required an expert's affidavit to establish Hale's claim of fraud based upon Hale's refusal to follow his client's directions to fully explore and argue the reinstatement issue.

■ The district court accurately stated the elements constituting a cause of action for fraud:

(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of the truth; (5) his intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on the truth; (8) his right to rely thereon; and (9) his consequent and proximate injury. *Witt v. Jones,* 111 Idaho 165, 168, 722 P.2d 474, 477 (1986).

An action for fraud or deceit, while it is a tort action, is more in the nature of an intentional tort, requiring that the speaker have knowledge of the representation's falsity or ignorance of its truth, as well as intent that the representation be relied

---

3. Paragraph XI of Hale's amended counterclaim alleges that Jarman committed fraud upon the court in submitting his claim for attorney fees in the ISU action, demanding payment for work not done or done improperly. Paragraph XII alleges that Jarman defamed Hale by telling persons that Hale owed him large sums of money and refused to pay and by ridiculing Hale to persons in the community, damaging his reputation and preventing him from finding employment.

upon. In addition, the plaintiff must prove all elements by clear and convincing evidence as opposed to the less stringent preponderance of the evidence standard used in ordinary negligence cases. *Umphrey v. Sprinkel,* 106 Idaho 700, 706, 682 P.2d 1247, 1253 (1983).

■ The only evidence supporting Hale's assertion that Jarman's attorney fees were unreasonable and unearned—constituting fraud—is Hale's affidavit that Jarman's bills reflected work not done and work improperly done. Fraud is never presumed, and all essential elements must be established by the party alleging the fraud by clear and convincing evidence. *Chester B. Brown Co. v. Goff,* 89 Idaho 170, 403 P.2d 855 (1965). The burden of proof was on Hale who claimed that Jarman had perpetrated a fraud against him. The case law cited by Hale on appeal, namely cases dealing with fraudulent conveyances, is inapposite and does not lead to the conclusion that Jarman bears the burden of proof on Hale's fraud claims.

In his brief, Hale cites *Cole v. Kunzler,* 115 Idaho 552, 768 P.2d 815 (Ct.App.1989), for the proposition that "the burden is upon counsel to produce sufficient evidence to convince the court that he is entitled to the fees claimed and that they are reasonable." In *Cole,* attorneys who received payment of their fees as part of the distribution of an estate brought an action first against the estate, then in a separate action against the personal representative individually, to recover additional fees. As the parties seeking to recover fees, the burden was on the attorneys. In the present case, although Jarman bore the burden of proof as to the reasonableness of his fees while he was pursuing his claim to recover fees and obtain an attorney's charging lien, he did not bear the burden on Hale's claim of fraud in misbilling.

Hale's argument, and use of authority, on this point is not well reasoned. We find no error in the district court's imposing the burden on Hale, or in its conclusion that Hale failed to establish a genuine issue of fact as to elements of fraud numbered 2, 6, and 7 above, with respect to Jarman's bill-

ings or the compromised amount of fee he accepted from the settlement of the ISU action in 1988.

■ Hale argues that the district court erred in dismissing his claim for fraud because of Hale's failure to submit a timely expert's affidavit showing that fraud occurred in Jarman's billing for fees. It has been stated that a claim for fraud is to be distinguished from a claim for professional negligence and that different standards are applicable to each. *See, e.g., Umphrey v. Sprinkel,* 106 Idaho at 706, 682 P.2d at 1253. Here, Hale entwined the two in his fraud claims by alleging, among other things, that Jarman "had billed for work which he had not done or done negligently or intentionally to the injury of his client, Tom Hale." Assuming that conduct amounting to fraud is stated here, proving that the conduct was done negligently or intentionally to the injury of Hale would require testimony by an expert. Moreover, the district court was faced with an expert's affidavit which accompanied Jarman's motion for summary judgment asserting that the claimed fees were necessarily incurred and reasonable for services such as those provided by Jarman in the ISU action. Consequently, we cannot hold that the district court erred in concluding that Hale's claim for fraud was not "so obvious" that it is within the ordinary knowledge and experience of a layman. *Jarman v. Hale, supra.* Nevertheless, our ruling here is not necessary to sustain the district court's dismissal of the fraud claims. The *Celotex* rule is applicable here. As the district court held, Hale failed to state facts, by affidavit or otherwise, establishing each of the elements of fraud which Hale would have had to prove at trial. Likewise, the district court was correct in ruling that the fraud claims are shown by the record to be time barred.

### Compliance With The Remand Order

■ Before the ISU action was settled, we remanded *Jarman v. Hale, supra,* with the directive that the disputed issues of the parties' fee agreement be tried, including "whether fees have been earned and prop-

erly billed [in the ISU action]." 112 Idaho at 275, 731 P.2d at 818. Hale contends that the district court erred by not complying with our remand order for a trial on this issue.

As noted earlier, shortly after this Court issued its opinion in the ISU action, holding that Hale was entitled to an award of attorney fees against ISU under 42 U.S.C. § 1988, the parties settled that case. Our directive in *Jarman v. Hale, supra,* must now be viewed in light of the settlement and the record which evolved in this case from that settlement. For example, our directive does not confer a right to a trial on whether Jarman could be found liable for fraud in misbilling, as Hale contends. Hale's argument is overreaching. For his counterclaim of fraud in misbilling to survive a motion for summary judgment, it requires a factual showing, by affidavit or otherwise, that the billings, as first proposed or as compromised in the 1988 settlement with ISU, were false. The district judge was not provided with such a factual showing, and accordingly, under the standards for summary judgment, he properly dismissed the claim.

As shown by the district court's findings of May 29, 1990, quoted in part above, by July 16, 1984, Hale had discovered the alleged fraud in billings for attorney fees contained in the claim of an attorney's lien filed by Jarman in the ISU action in 1983. Notwithstanding this, in May, 1986, after the remand of the ISU action and while Hale was seeking an award of fees for trial and appeal of the ISU action, Hale authorized his attorney Michael Crapo, to file an affidavit verifying that the costs and attorney fees requested by Jarman "were necessarily expended and incurred in the prosecution of this action and represent a reasonable attorney fee for the services rendered by Ronald J. Jarman for the trial of this matter." (Clerk's record at 285.)

Thus, the summary judgment record exposes Hale's failure to: (1) establish the "falsity" of the billing; (2) show that any fraud claim is not time barred; (3) show that Hale "relied" on the truthfulness of Jarman's billing in negotiating a settlement of his claims—including attorney fees—with ISU in 1988; and (4) show that Hale was damaged, rather than benefited, from "reliance" upon and use of Jarman's billing in arriving at the ultimate settlement with ISU.[4]

■ Finally, as to Hale's claim of fraud for Jarman's failure to follow his directions in pursuing reinstatement as part of the remedy in the ISU action, the district court correctly determined that such conduct did not rise to the level of fraud. Hale's arguments to the contrary are unpersuasive.

## Negligence Claims

■ The negligence claims alleged in Hale's amended counterclaim were all dismissed pursuant to the district court's order on summary judgment entered May 29, 1990. Hale urged the court to reconsider the summary judgment. As a result, the district judge revived only certain specified negligence claims and, on September 18, 1990, entered a partial summary judgment as to all of Hale's other claims. Hale appeals the dismissal of all but the specifically enumerated claims. He contends only that it was error for the district judge to require expert affidavits and to conclude that Hale was not competent to give testimony on all of his asserted negligence claims.

In rejecting Hale's affidavits as insufficient to establish negligence in Jarman's preparation, investigation, and trial of the ISU case, the district court reiterated the necessary elements of a legal malpractice action based upon negligence. The district court cited *Jarman v. Hale, supra,* for the standard of proof required even at the

4. This same conduct—the alleged fraud in billing for fees—also formed the basis of Hale's "fraud upon the court" claim and, as noted, the alleged fraudulent conduct was first raised in the amended counterclaim, but only *after* Hale settled the ISU action while represented in that action by attorney Michael Crapo. The district court's analysis in dismissing Hale's claim for "fraud upon the court," as time barred, is equally applicable to the claim for fraud in misbilling.

stage of resisting a motion for summary judgment. In *Jarman*, we said in part:

> As a general rule, for plaintiff to establish a prima facie case of legal malpractice at trial, he must produce expert evidence showing negligence and causation. *See* Annot. 14 A.L.R.4th 170 (1982). Even at the stage of resisting a defendant's motion for summary judgment, a plaintiff may be required to show—by an expert's affidavit—that there exists a genuine issue of material fact as to the attorney's alleged negligence.

112 Idaho at 273, 731 P.2d at 816. We also noted the exceptions to the general rule, which required us in *Jarman* to remand the case for reinstatement of any negligence claims that might be proven at trial without support of a legal expert.

> However, the general rule requiring the client to support his allegations of negligence with expert testimony has its exceptions *even at trial.* For example, where the attorney's alleged breach of duty of care is so obvious that it is within the ordinary knowledge and experience of laymen, expert testimony has not been required. Also, where the alleged negligence consists of the failure of an attorney to follow with reasonable promptness and care the explicit instructions of his client, expert testimony may not be necessary.... [Citations omitted.]

*Id.* The exceptions are few, and it is clear that most claims for professional negligence will be dismissed absent the required affidavit of an expert. In a legal malpractice action,

> [t]he burden of proving that an attorney has been negligent or failed to act with proper skill and that damages resulted therefrom is on the plaintiff client ... [L]ikewise, the burden is on the plaintiff to show that the negligence of the attorney was a proximate cause of the client's damage. [Citations omitted.]

*Johnson v. Jones*, 103 Idaho 702, 706, 652 P.2d 650, 654 (1982).

In the present case, to support his motion for summary judgment Jarman filed the affidavit of attorney, Keith Zollinger, which, at the very least, made a prima facie showing that Jarman's conduct in representing Hale in the ISU action was in compliance with professional standards of conduct. Accordingly, Hale as the non-moving party and the party who would have the burden of proving negligence at trial, was obligated to establish facts in the record showing that there is a genuine issue for trial. *See, e.g., Sparks v. St. Luke's Regional Medical Center, Ltd.,* 115 Idaho 505, 768 P.2d 768 (1988), *citing Celotex Corp. v. Catrett, supra.*

> [E]xcept in clear and palpable cases ..., expert testimony is necessary to establish the parameters [sic] of acceptable professional conduct, a significant deviation from which would constitute malpractice. The reason for this requirement is simply that a jury cannot rationally apply negligence principles to professional conduct absent evidence of what the competent lawyer would have done under similar circumstances, and the jury may not be permitted to speculate about what the "professional custom" may be. Expert evidence as to the "professional custom" is required in malpractice actions against other professionals. [Citations omitted.]

*Lenius v. King,* 294 N.W.2d 912 (S.D.1980), *quoting Hughes v. Malone,* 146 Ga.App. 341, 247 S.E.2d 107, 111 (1978).[5]

We have reviewed the affidavits submitted by Hale prior to the hearing on the motion for summary judgment. Hale's personal belief that Jarman delayed the settlement of the ISU case due to his unwillingness to adequately research and forcefully argue does not define a standard of care. The affidavit of attorney John Kugler states that, in his professional opinion, it was a breach of Jarman's duty as an attorney not to pursue reinstatement in

---

**5.** Jarman contends that even the negligence claims which the district judge reinstated should not have survived summary judgment because either professional negligence *or* resulting damages cannot be proven without use of the testi-

mony of experts. No cross-appeal was filed by Jarman so we are unable to address these contentions. Therefore, we will express no opinion regarding the type of proof needed to sustain any of these claims.

Hale's case, but no damages arising from that breach have been specified. Moreover, we learn from the record that the matter of reinstatement was remanded to the district court in *Hale v. Walsh, supra,* and was ultimately obtained as part of the 1988 settlement with ISU. The affidavit of Robert Gonzales does not address any issues relevant to the malpractice claims.

Hale has presented no cogent argument why expert affidavits should not be required to establish proof of his dismissed claims in negligence. He also ignores that in *Jarman v. Hale, supra,* we enumerated the negligence claims which *might* not require expert legal testimony:

> Nevertheless, we conclude that the Hales would be competent to testify as to certain of the allegations regarding alleged failure on the part of Jarman to consult with them before making some decisions, alleged failure of the attorney to follow certain directions of the client, and alleged overreaching, misbilling and failure to record and recover certain costs.

*Jarman v. Hale,* 112 Idaho at 273, 731 P.2d at 816. The negligence claims, expanded upon in Hale's amended counterclaim filed in 1990, relating to Jarman's trial preparation, presentation, tactics, and settlement strategies are such that a lay witness does not have the experience, knowledge, and wisdom to form an opinion on the complexities of trial practice. *See Sanders v. Smith,* 83 N.M. 706, 496 P.2d 1102, 1105 (App.1972). We agree with the district court that, because of the lack of expert affidavits, no genuine issue of material fact on those claims was created.

### Miscellaneous Motions

Hale appeals the denial of his motion to impose a constructive trust on the attorney fees already paid to Jarman and/or to rescind the 1988 settlement of the ISU action. Hale argued in his motion and again on appeal that this Court's decision in *Jarman v. Hale, supra,* mandated that the attorney fee issue be determined on remand and that, pending the trial on that issue, he was entitled to relief. The district court denied the motion without further comment. We see no merit in Hale's argument and affirm

the district court's summary denial of the motion.

In his final issue on appeal, Hale states that the district court failed to rule on various motions which he had presented in September, 1990, along with his request for an interlocutory appeal of the partial summary judgment. He asks this Court to rule on his motion to disqualify Judge Granata and his motion for change of venue, arguing that the judge and the forum have been contaminated against him. He also urges this court to rule on his motion to bar Jarman from using any Bannock County judges as witnesses and on his request for fees at trial pursuant to I.R.C.P. 54(d) and (e).

▮▮▮▮ The record reflects that on October 26, 1990, District Judge Granata denied the motion to disqualify for cause. I.R.C.P. 40(d)(2). On appeal, we apply a discretionary standard to determine whether a case of bias has been made out by the moving party. *See Desfosses v. Desfosses,* 120 Idaho 354, 815 P.2d 1094 (Ct.App.1991). Hale simply describes Judge Granata's bias as being the result of "repeated statements and alleged facts presented by Attorney Jarman...." (Appellant's brief at 47.) Hale filed no affidavit to state "distinctly" any facts in support of the motion, as required by Rule 40(d)(2). Clearly, the alleged bias, derived from what the judge learned during his participation in the case, is not a basis for disqualification. This issue is frivolous and without merit or foundation.

▮▮▮ The motion for change of venue was also denied by order of October 26, 1990. The basis of the motion was Hale's belief that an impartial trial could not be had in Bannock County. *See* I.R.C.P. 40(e)(1)(B). Hale asserted in his motion that the Bingham County courthouse in Blackfoot would be a more convenient forum. He also asserted that he would be prejudiced by future proceedings in Bannock County because Jarman intended to call some of the local judges as witnesses, which *might* lend credibility to Jarman's case. The district court, however, conclud-

ed that venue was consistent with I.C. § 5–404 and that Hale had made no showing that he would be prejudiced in the selection of jurors to hear this case in Bannock County.

We review the denial of the motion to change venue under an abuse of discretion standard. *Gibbert v. Washington Water Power Co.,* 19 Idaho 637, 115 P. 924 (1911). We acknowledge that the district court correctly perceived that Hale's complaint of prejudice was speculative, particularly where no jury selection had begun. Presumably, Hale could properly present his concerns during the jury selection process. When the district judge considered the motion, all he had was a bare allegation by Hale which was inadequate to show that venue in Bannock County should be replaced. We hold that the denial of the motion for change of venue was within the discretion of the district court.

The decision on Hale's motion to exclude judges as witnesses and his request for fees pursuant to I.R.C.P. 54(d) and (e) were reserved by Judge Granata in the order dated October 26, 1990. Because no final rulings thereon are reflected in the records, these issues are not properly reviewable in this appeal.

## Conclusion

The partial summary judgment dismissing Hale's claims of intentional infliction of emotional distress, defamation, fraud upon the court and fraud in misbilling is affirmed. The dismissal of Hale's claims for breach of fiduciary duty and for breach of the covenant of good faith have not been raised or argued in this appeal, and therefore, continues to be the law of the case. We also affirm the dismissal of Hale's negligence claims with the exceptions specifically noted by Judge Granata in his opinion and order of September 19, 1990. Accordingly, any trial in this case shall be limited exclusively to the claims revived as a result of the district court's order of September 19, 1990.

## Attorney Fees On Appeal

Jarman's request for attorney fees pursuant to I.C. § 12–121 is hereby granted. It is our opinion that Hale has used this forum to seek an alternative view of the facts, one that is more akin to his. Hale has improperly attempted to reargue his case and to convince this Court of Jarman's alleged misdeeds in his professional capacity as Hale's trial counsel in the ISU action. This Court is left with the abiding belief that the appeal was brought unreasonably and without foundation. *Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 591 P.2d 1078 (1979); *Pass v. Kenny,* 118 Idaho 445, 449, 797 P.2d 153, 157 (Ct.App. 1990).

Costs and attorney fees on appeal are awarded to respondent. I.A.R. 40 and 41.

SILAK, J., and HART, J. Pro Tem., concur.