24 F.3d 245
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Ashsha EAST, Plaintiff-Appellant,
v.
Alan J. COFFEL, Defendant-Appellee.
 No. 92-35208.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1993.*
Decided April 4, 1994.
 
 Before: BEEZER, KOZINSKI and KLEINFELD, Circuit Judges.
 
 ORDER
 
 1
 The petition for rehearing is granted. The memorandum disposition filed October 29, 1993 is withdrawn. The attached memorandum disposition shall be entered as the opinion of this court. All pending motions are denied as moot.
 
 
 2
 Ashsha EAST, Plaintiff-Appellant,
 
 
 3
 v.
 
 
 4
 Alan J. COFFEL, Defendant-Appellee.
 
 
 5
 Appeal from the United States District Court, for the District of Idaho, D.C. No. CV-89-1325-MHW; Mikel H. Williams, Magistrate Judge, Presiding.
 
 
 6
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 7
 MEMORANDUM**
 
 
 8
 Ashsha East appeals pro se the district court's judgment following a bench trial in her diversity action alleging attorney malpractice.[1] East contends that the district court erred in finding that her attorney, Alan J. Coffel, did not committ legal malpractice in the processing and accounting of her conservatorship over her father's estate. Instead, after a three day bench trial, the district court found that Coffel did not commit legal malpractice and that the adverse state court judgment against East was a result of her failure to maintain conservatorship records as she was advised to do by counsel. We have jurisdiction under 28 U.S.C. Sec. 1291. We review the district court's findings of fact under the clearly erroneous standard, Anderson v. Bessemer City, 470 U.S. 564, 573-74 (1985), and we affirm.
 
 
 9
 East had the burden of proving by the preponderance of the evidence that Coffel had been negligent and that his negligence was the proximate cause of her damages. See Johnson v. Jones, 652 P.2d 650, 654 (Idaho 1982). The district court in its findings of fact and law considered each of East's claims and found against her on the facts necessary to establish legal malpractice. Moreover, while Coffel produced expert testimony that the legal services he rendered to East met the relevant standard of care, East failed to produce expert testimony that Coffel's performance in the state court action constituted legal malpractice.[2] Under Idaho law such expert testimony is required. See Jarman v. Hale, 842 P.2d 288, 296-98 (Idaho Ct.App.1992). Because the district court's findings of fact are not clearly erroneous, the judgment of the district court is
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, East's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This action arises out of the events described by the Idaho Court of Appeals in In re: Logan, 815 P.2d 35 (Idaho Ct.App.1991)
 
 
 [2]
 East attempted to obtain an expert opinion from an attorney who was testifying as a fact witness. The witness declined to provide such an opinion