37 F.3d 1506
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Charles F. SAMUEL; Valerie A. Samuel, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 93-35875.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 14, 1994.*
Decided Oct. 3, 1994.
 
 1
 Before: BROWNING, WRIGHT and CANBY, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Charles and Valerie Samuel appeal pro se the district court's dismissal of their action.[1] We affirm.
 
 
 4
 The complicated facts of this case are well known to the parties and we will not repeat them here. The Samuels' brief is not clear, but they appear to assert four charges of error in the district court. We examine each allegation in turn.
 
 
 5
 I. The District Court's Refusal to Allow the Samuels to File a Second Amended Complaint.
 
 
 6
 In granting the government's motion to dismiss, the court determined that most of the Samuels' claims were not cognizable under the Federal Tort Claims Act. Under 28 U.S.C. Sec. 2675(a), a plaintiff must have first presented his or her claim to the appropriate federal agency before instituting an action. The only claims for which the Samuels had preserved their action by filing an administrative claim were the claims brought for invasion of privacy and intentional infliction of emotional distress. The district court accordingly did not err in dismissing all the other claims.
 
 
 7
 The Samuels, however, argue vigorously that the district court erred in failing to permit them to file a second amended complaint asserting a Bivens claim. According to the Samuels, their primary intent in amending the complaint was to raise a Bivens claim. If such was their intent, the Samuels' proposed amendment failed to give it effect. The proposed amendment named only the United States as a defendant. The United States cannot be sued in a Bivens action. See McCollum v. Bolger, 794 F.2d 602, 608 (11th Cir.1986), cert. denied, 107 S.Ct. 883 (1987); Hohri v. United States, 782 F.2d 227, 245 (D.C.Cir.1986); Norton v. United States, 581 F.2d 390, 393 (4th Cir.), cert. denied, 439 U.S. 1003 (1978). The district court thus did not err in denying a futile amendment. See Ferris v. Santa Clara County, 891 F.2d 715, 719 (9th Cir.1989).
 
 
 8
 II. The U.S. Attorney's certification that the federal employees were acting within the scope of the their employment.
 
 
 9
 The Samuels contend that the district court should not have accepted the certification of the United States Attorney that the federal employees were acting within the scope of their employment at the time of the alleged surveillance of the Samuels. Even if the Samuels have standing to raise such an objection, we find no error. Under the Federal Employees Liability Reform and Tort Compensation Act, 28 U.S.C. Sec. 2679, the Attorney General may certify that a federal employee was acting within the scope of his employment at the time of the incident which gave rise to the civil claim. The Samuels' brief alleges that the surveillance in question was conducted in the course of law enforcement activities on federal land. Those actions were clearly within the scope of the employment of the defendant federal officers.
 
 
 10
 III. Dismissal with prejudice of the Samuels' remaining claims.
 
 
 11
 The Samuels question the propriety of the district court's decision to dismiss the remaining claims with prejudice after the Samuels decided not to proceed with trial on the appointed date. We find no error. The Samuels were repeatedly given notice that the district court declined to postpone the trial date. On the morning of March 29, 1993, when the trial was to commence, the Samuels moved to dismiss their case. After the government manifested its intent to proceed with trial, the district court dismissed the action with prejudice. The district court signed a dismissal order drafted by the government, awarding the government its costs.
 
 
 12
 In light of the ample notice to the Samuels, the preparedness of the government, the length of this litigation and the difficulty to the court in considering the Samuels' numerous filings, the district court acted within its discretion in dismissing the action with prejudice.
 
 
 13
 IV. Allegations of impropriety by district court personnel.
 
 
 14
 The Samuels allege that they were coerced and misled by district court personnel when they filed various pleadings. They also contend that district court clerks fraudulently destroyed their pleadings. Finally, they accuse court personnel of "tampering with and doctoring" portions of the record.
 
 
 15
 Like the district court, we find no substance to these unsubstantiated allegations. The district court did not err in rejecting these claims. We have also reviewed all the remaining points urged in the Samuels' briefs and find them to be without merit.
 
 CONCLUSION
 
 16
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Two motions are pending. The Samuels have moved to strike the appellee's supplemental excerpts of record and for leave to file additional excerpts of record. We deny the motion to strike the supplemental excerpts. We grant the motion to file the additional excerpts and order them filed