996 P.2d 303

**Charles F. SAMUEL and Valerie A. Samuel, Plaintiffs–Appellants,**

v.

**HEPWORTH, NUNGESTER & LEZAMIZ, INC., John Lezamiz and Brit Groom, Defendants–Respondents.**

**No. 24156.**

Supreme Court of Idaho,
Coeur d'Alene, Oct. 1999 Term.

Feb. 28, 2000.

Charles F. Samuel, Valerie A. Samuel, Nordman, pro se appellants. Charles F. Samuel argued.

Paine, Hamblen, Coffin, Brooke & Miller, Coeur d'Alene; Shannon M. Votava, Spokane, Washington, for respondents. Eugene L. Miller argued.

KIDWELL, Justice.

Charles F. Samuel and Valerie A. Samuel (the Samuels) sued the defendant attorneys and law firm seeking damages for attorney malpractice, breach of contract, fraud and misrepresentation. The district court granted summary judgment to the defendants, and the Samuels appealed. We affirm.

## I.

### FACTS AND PROCEDURAL HISTORY

Charles Samuel was a seasonal employee of the U.S. Forest Service at the Priest Lake Ranger District in the summer of 1988. During the season, Charles and his family lived in a trailer in a Forest Service group camping area near the ranger station. Several incidents caused friction between Charles and his supervisors. Among other things, Charles believed that his supervisors illegally garnished his wages, unjustly suspected him of stealing several crosscut saws, deliberately furnished him with faulty equipment, unfairly deprived him of tree planting and firefighting assignments, and unreasonably withheld mail and messages addressed to him. Most importantly, Charles believed that the Forest Service, together with the Bonner County Sheriff's Office,[1] was spying on him and his family using hidden listening devices and night vision equipment.

When Charles and his wife Valerie decided to sue the Forest Service, local attorney Bruce Greene referred them to the Twin Falls law firm of Hepworth, Nungester & Lezamiz (the Hepworth firm). The Samuels met with John T. Lezamiz of the Hepworth firm in April 1989. Accounts of this meeting differ. The Hepworth firm asserts that it limited the scope of its representation to investigating the Samuels' claims and filing any necessary tort claim notices. The Samuels have variously contended that (1) they signed a contingent fee agreement and that the Hepworth firm agreed to fully represent them, and (2) they reached no agreement which would allow the Hepworth firm to take *any* action on their case. No written agreement between the Samuels and the Hepworth firm is in the record. The Hepworth firm did, however, prepare a "New Matter Report" indicating that it would have a contingency fee of 40%.

After Lezamiz interviewed several Forest Service employees at Priest Lake, the Hepworth firm prepared federal and state tort claim notices which the Samuels signed. On August 22, 1989, the Hepworth firm filed tort claim notices with the Forest Service. The Forest Service denied the tort claims on February 20, 1990. Bonner County also denied the tort claim brought against it.

On March 6, 1990, Brit Groom of the Hepworth firm wrote to the Samuels. Groom wrote that the Samuels' claims had merit but stated that, for financial reasons, the Hepworth firm declined to represent the Samuels any further. The letter recited that the Hepworth firm had agreed only to investigate the Samuels' claim and to file tort notices. Groom advised the Samuels that they had six months from the denial date in which to file a complaint against the federal government, and he further advised them to seek other legal counsel.

After the Hepworth firm withdrew, the Samuels wrote a series of letters to the firm accusing it of numerous instances of malfeasance, including forging the government documents that denied the Samuels' tort claims. The Hepworth firm corresponded with the Samuels for several months concerning these accusations. On May 22, 1990, however, the

---

1. The Forest Service and Bonner County Sheriff had a cooperative law enforcement agreement.

Hepworth firm ended its correspondence with the Samuels, calling it "fruitless."

Although the Samuels contacted forty-seven attorneys, they were unable to obtain legal representation for a case against the Forest Service. Therefore, they proceeded pro se. The Samuels pursued a federal tort claim action, *Samuel v. United States*, against the Forest Service and the United States in federal district court in Idaho. The federal district court dismissed all claims except those involving invasion of privacy and intentional infliction of emotional distress. On the date set for trial, the Samuels moved for a dismissal, which the federal district court granted. Nevertheless, the Samuels appealed to the Court of Appeals for the Ninth Circuit. On appeal, the Ninth Circuit affirmed. *See Samuel v. United States*, 37 F.3d 1506 (9th Cir.1994) (unpublished disposition).

Acting on their belief that a tort claim notice was never filed with Bonner County, the Samuels also filed suit in state district court, *Samuel v. Bonner County Records*, CV–92–0085–JRM. Thereafter, alleging that Judge Michaud allowed perjured testimony in *Bonner County Records*, the Samuels sued Michaud and fifty-five other defendants in federal district court. This action was decided in favor of the defendants. *Samuel v. Michaud*, 980 F.Supp. 1381, 1417–18 (D.Idaho 1996), *aff'd*, 129 F.3d 127 (9th Cir.1997) (unpublished disposition).

The Samuels filed a complaint against Lezamiz, Groom, and the Hepworth firm (collectively, the Hepworth firm) for "professional malpractice, breach of warranty and implied covenant, and fraud and deceit." After several adverse rulings, the Samuels moved to disqualify Judge Michaud for bias and prejudice. After a hearing, the district court denied the motion. The Samuels also moved to amend their complaint to seek punitive damages. The district court denied this motion as well.

The Hepworth firm moved for summary judgment. The district court granted partial summary judgment for the Hepworth firm on the issues of attorney malpractice and breach of contract. It held that the Samuels had not demonstrated any injury caused by the Hepworth firm's alleged negligence. When the district court denied the Samuels' motion for reconsideration, the Samuels filed an appeal with this Court. They subsequently withdrew their appeal.

In its first motion for summary judgment, the Hepworth firm failed to present argument regarding the Samuels' claims of fraud and misrepresentation. After the grant of partial summary judgment, the Hepworth firm filed for summary judgment on the remaining issues. The district court, again finding no proof of damages, granted summary judgment for the Hepworth firm on the remaining issues. When the district court denied the Samuels' motion for reconsideration, the Samuels filed the present appeal.

## II.

## STANDARD OF REVIEW

When this Court reviews a district court's grant of summary judgment, it uses the same standard properly employed by the district court originally ruling on the motion. *Lowder v. Minidoka County Joint Sch. Dist. No. 331*, 132 Idaho 834, 837, 979 P.2d 1192, 1195 (1999). Summary judgment is proper "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). This Court construes the record in the light most favorable to the non-moving party, and draws all reasonable inferences in favor of that party. *DBSI/TRI V v. Bender*, 130 Idaho 796, 801–02, 948 P.2d 151, 156–57 (1997). If reasonable minds might come to different conclusions, summary judgment is inappropriate. *Id.* at 802, 948 P.2d at 157.

"[A] mere scintilla of evidence or only slight doubt as to the facts" is not sufficient to create a genuine issue for purposes of summary judgment. *Harpole v. State*, 131 Idaho 437, 439, 958 P.2d 594, 596 (1998). The non-moving party "must respond to the summary judgment motion with specific facts showing there is a genuine issue for trial." *Tuttle v. Sudenga Indus., Inc.*, 125 Idaho 145, 150, 868 P.2d 473, 478 (1994). The

Court considers only that material contained in affidavits and depositions which is based on personal knowledge and which would be admissible at trial. *Harris v. State, Dep't of Health & Welfare*, 123 Idaho 295, 298, 847 P.2d 1156, 1159 (1992). Summary judgment is appropriate where a non-moving party fails to make a showing sufficient to establish the existence of an element essential to its case when it bears the burden of proof. *Id.*

## III.

### ANALYSIS

**A. Judge Michaud Did Not Abuse His Discretion in Denying the Samuels' Motion to Disqualify Him.**

The Samuels moved to disqualify Judge Michaud for bias. They contended that Judge Michaud showed bias by such alleged actions as concealing records and raising law library photocopy costs. They also asserted that Judge Michaud's conduct in *Samuel v. Bonner County Records* exhibited bias against them.

After a hearing, Judge Michaud held that Valerie's affidavit in support of the motion to disqualify was deficient because it did not distinctly state the grounds upon which disqualification was based. In addition, he stated that his only knowledge of the Samuels and their claim was acquired from the court's official proceedings, and that he had no personal bias or animosity against the Samuels or their claim. Finding no bias, Judge Michaud denied the motion to disqualify. The Samuels contend that this ruling was an abuse of discretion.

A party may move to disqualify a judge from presiding on the grounds of bias. I.R.C.P. 40(d)(2)(A)(4). An affidavit "stating distinctly the grounds upon which disqualification is based and the facts relied upon in support of the motion" must accompany the motion. I.R.C.P. 40(d)(2)(B). Adverse rulings, by themselves, do not demonstrate disqualifying bias. *Bell v. Bell*, 122 Idaho 520, 530, 835 P.2d 1331, 1341 (Ct.App.1992). To be disqualifying, the alleged bias "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *Desfosses v. Desfosses*, 120 Idaho 27, 29, 813 P.2d 366, 368 (Ct.App. 1991) (quoting *United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778, 793 (1966)). A judge's participation in prior legal proceedings involving related parties or issues is not grounds for disqualification for bias. *Roselle v. Heirs and Devisees of Grover*, 117 Idaho 530, 534, 789 P.2d 526, 530 (Ct.App.1990). This Court reviews the denial of a motion to disqualify for cause under an abuse of discretion standard. *See Smith v. Smith*, 124 Idaho 431, 435, 860 P.2d 634, 638 (1993).

After reviewing the record, this Court finds no disqualifying bias against the Samuels. The judge's actions in a separate case are not appealable through this case. The Samuels' other allegations of bias are not substantiated. The Samuels' "vague and factually unsubstantiated allegations are wholly insufficient," *Hays v. Craven*, 131 Idaho 761, 763, 963 P.2d 1198, 1200 (Ct.App.1998), to demonstrate any disqualifying bias on Judge Michaud's part. Because the Samuels have failed to show an abuse of discretion, Judge Michaud's denial of the motion to disqualify himself for cause is affirmed.

**B. Summary Judgment on the Attorney Malpractice Claim Was Proper Because the Samuels Failed to Produce Affidavits of Expert Witnesses.**

In its memorandum decision on the attorney malpractice claim, the district court held that the Samuels' allegations of damages involved an evaluation of issues not within the ordinary knowledge and experience of laypersons. Because the Samuels did not present a qualified expert's opinion on damages, the district court granted summary judgment based on the Samuels' failure to present a prima facie case of legal malpractice. The Samuels assert that they provided adequate evidence to show that the Hepworth firm committed attorney malpractice.

To establish a claim for attorney malpractice arising out of a civil action, the plaintiff must show that the attorney's negligence proximately caused the plaintiff to lose

the right to recover in the underlying case. *Murray v. Farmers Ins. Co.*, 118 Idaho 224, 227, 796 P.2d 101, 104 (1990); *see also Lamb v. Manweiler*, 129 Idaho 269, 272, 923 P.2d 976, 979 (1996). The plaintiff bears the burden of proving that the attorney was negligent and that the attorney's negligence caused the plaintiff's damages. *Lamb v. Manweiler*, 129 Idaho at 272, 923 P.2d at 979.

■ A plaintiff must normally produce expert evidence of negligence and causation of damages to establish a prima facie case of legal malpractice. *Jarman v. Hale*, 112 Idaho 270, 273, 731 P.2d 813, 816 (Ct. App.1986) (*Jarman I* ). Where a defendant attorney moves for summary judgment in a malpractice case, the plaintiff must ordinarily provide affidavits of expert witnesses to resist the motion. *Jarman v. Hale*, 122 Idaho 952, 961, 842 P.2d 288, 297 (Ct.App.1992) (*Jarman II* ). The reason for these requirements, as in malpractice actions against other professionals, is that "the factors involved ordinarily are not within the knowledge or experience of laymen composing the jury." *Corey v. Wilson*, 93 Idaho 54, 58, 454 P.2d 951, 955 (1969). Expert testimony is unnecessary, however, "where the attorney's alleged breach of duty of care is so obvious that it is within the ordinary knowledge and experience of laymen," *Jarman I*, 112 Idaho at 273, 731 P.2d at 816, such as when an attorney allows a statute of limitations to run on a client's claim for relief.

Here, the Samuels did not present any expert affidavits to show that the Hepworth firm breached the standard of care. They also failed to present expert affidavits to show that any negligence by the Hepworth firm caused damages to them. In this matter, whether the Hepworth firm breached the standard of care and caused damages to the Samuels was not an issue within the ordinary knowledge and experience of lay persons. Therefore, the district court correctly granted summary judgment to the Hepworth firm on the attorney malpractice claim.

## C. Summary Judgment on the Fraud Claim Was Proper Because the Samuels Could Not Prove Injury as a Matter of Law.

■ In their pleadings, the Samuels contended that the Hepworth firm committed fraud by such actions as filing tort claim documents for the Samuels without a written power of attorney, forging tort claim denials, asserting that it had filed tort claim notices with Bonner County, and failing to advise the Samuels that they had a potential *Bivens* [2] claim against Forest Service employees. The Hepworth firm moved for summary judgment·on the fraud claim, supporting the motion with affidavits averring that it did not commit any of the acts alleged. The district court, holding that the Samuels failed to prove damages, granted summary judgment for the Hepworth firm on the Samuels' claim for fraud and misrepresentation. The Samuels assert that the district court erred in granting summary judgment.

A prima facie case of fraud (also referred to as intentional misrepresentation) requires a plaintiff to prove the following elements:

(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on the truth; (8) his right to rely thereon; (9) his consequent and proximate injury.

*Walston v. Monumental Life Ins. Co.*, 129 Idaho 211, 216, 923 P.2d 456, 461 (1996) (quoting *G & M Farms v. Funk Irrigation Co.*, 119 Idaho 514, 518, 808 P.2d 851, 855 (1991)). As the district court noted, the Samuels' own action of voluntarily dismissing their federal court case against the Forest Service made it impossible to prove that any alleged action by the Hepworth firm was the legal cause of any injury to the Samuels. Therefore, the district court properly granted summary judgment to the Hepworth firm on the Samuels' claim of fraud and misrepresentation.

2. *Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

**D. This Court Does Not Address the Issue of Whether the District Court Abused Its Discretion by Denying the Samuels' Motion to Amend Their Complaint.**

The Samuels moved to amend their complaint to claim punitive damages. The district court denied the motion on the basis that the record did not establish a reasonable likelihood that the Samuels could prove facts at trial to support an award of punitive damages. The Samuels contend that this ruling was reversible error.

■ I.A.R. 35(a)(6) requires appellants' arguments to contain "citations to the authorities, statutes and parts of the transcript and record relied upon." If an appellant fails to comply with this rule, this Court will not address the issue. *Weaver v. Searle Bros.*, 131 Idaho 610, 616, 962 P.2d 381, 387 (1998). Because the Samuels did not provide argument on this issue, this Court declines to address it.

**E. The Samuels' Other Issues Are Without Merit.**

The Samuels have raised numerous other issues in this appeal. After considering the additional issues raised by the Samuels, this Court finds them to be without merit.

**F. This Court Declines to Award Attorney Fees on Appeal.**

■ The Hepworth firm asserts that it is entitled to attorney fees on appeal. It quotes *Samuel v. Michaud*, 980 F.Supp. 1381, 1417 (D.Idaho 1996) as authority for the proposition that the Samuels' litigation is frivolous and brought in bad faith. The Hepworth firm does not cite any Idaho rule, statute, or case law in its argument for attorney fees.

■ I.A.R. 35(b)(6) requires respondents' arguments to contain "citations to the authorities, statutes and parts of the transcript and record relied upon." This rule applies to requests for attorney fees on appeal. *See Weaver v. Searle Bros.*, 131 Idaho at 616, 962 P.2d at 387. A party claiming attorney fees must assert the specific statute, rule, or case authority for its claim. *See*

*Cook v. State, Dep't of Transp.*, 133 Idaho 288, 298, 985 P.2d 1150, 1160 (1999); *Bingham v. Montane Resource Assocs.*, 133 Idaho 420, 424, 987 P.2d 1035, 1039 (1999). *See also* I.A.R. 35(b)(5) ("If the respondent is claiming attorney fees on appeal the respondent must ... state the basis for the claim."). The Hepworth firm argues from a federal case and cites no Idaho statutes or authorities to support its claim. Therefore, this Court declines to award attorney fees to the Hepworth firm.

## IV.

### CONCLUSION

The district court's grant of summary judgment to the Hepworth firm is affirmed. Costs to respondents. No attorney fees are awarded.

Chief Justice TROUT, Justices SILAK, SCHROEDER, and WALTERS, concur.