147 P.3d 90

**Leann MARCHAND, as guardian ad litem for the minor child, Alic Sioux Hendrix, Plaintiff–Appellant,**

v.

**JEM SPORTWEAR, INC., a foreign corporation; and XYZ Corporation, Defendants–Respondents.**

No. 32476.

Supreme Court of Idaho.

Oct. 26, 2006.

Cameron L. Phillips, Coeur d'Alene, for appellant.

Patrick E. Mahoney, Boise, for respondent.

SCHROEDER, Chief Justice.

Leann Marchand, guardian ad litem for Alic Sioux Hendrix, filed a product liability suit against JEM Sportswear, Inc. the manufacturer of the T-shirt Alic was wearing which caught on fire. Leann Marchand now appeals from the district court's grant of summary judgment in favor of JEM.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Alic Sioux Hendrix was seven years old when he was left with a babysitter while his mother went to work. Unknown to his babysitter, Alic found fireworks and a cigarette lighter that were in the house. He took the fireworks and butane lighter away from the house. He was wearing a cotton T-shirt which caught fire either from the lighter or the fireworks. He ran toward the house and was severely burned. Leann Marchand ("Marchand") filed suit against the manufacturer of the shirt, JEM Sportswear, Inc., and other corporations, limited liability companies, or other entities that may have liability for the injuries (collectively JEM).

The district court granted JEM's motion for summary judgment. Marchand appeals.

## II.

## STANDARD OF REVIEW

When this Court reviews a district court's grant of summary judgment, it uses the same standard properly employed by the district court originally ruling on the motion. Summary judgment is proper "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." This Court construes the record in the light most favorable to the non-moving party, and draws all reasonable inferences in favor of that party. If reasonable minds might come to different conclusions, summary judgment is inappropriate.

"[A] mere scintilla of evidence or only slight doubt as to the facts" is not sufficient to create a genuine issue for purposes of summary judgment. The non-moving party "must respond to the summary judgment motion with specific facts showing there is a genuine issue for trial."

*Samuel v. Hepworth, Nungester & Lezamiz,* 134 Idaho 84, 87, 996 P.2d 303, 306 (2000) (internal citations omitted).

## III.

### THE FACTS OF THIS CASE DO NOT SUPPORT A TORT CLAIM

The district court granted summary judgment in favor of JEM, finding section 1203(a) of the Flammable Fabrics Act preempts Alic's right to seek damages against the T-shirt manufacturer in state court. Marchand contends that *Zimmerman v. Volkswagen,* 128 Idaho 851, 920 P.2d 67 (1996) (cert. denied, 520 U.S. 1115, 117 S.Ct. 1245, 137 L.Ed.2d 327 (1997)), a case upon which the district court relied in finding the doctrine of federal preemption barred Marchand's state law tort claims, is not controlling.

The Flammable Fabrics Act, enacted in 1953, established the methodology for testing the flammability of fabrics sold in the United States, referred to as the CS 191–53. 15 U.S.C. 1191, *et seq.* The federal regulations provide two options for children's garments to be non-defective. Children's non-sleepwear may be made out of one hundred percent natural cotton fibers. There is a more stringent test for children's sleepwear, which must be chemically treated or made out of one hundred percent synthetic fibers. There is no dispute that the T-shirt Alic was wearing at the time of his injury complied with the federal standard.

It is unnecessary to determine the issue of federal preemption. The facts read most favorably to Marchand do not support a tort claim. No defect in the shirt has been identified. It is a cotton shirt compliant with federal flammability standards. Aside from the federal standards there is no characteristic of the shirt different from other cotton shirts. Under some circumstances cotton will burn. That does not form the basis of a negligence claim when the fabric is used for children's clothing. Alic, a seven year old child, was unattended where he could find fireworks and a butane lighter. He went to a place away from adult supervision. There was a tragic result. That result is not attributable to the manufacturer of the shirt.

## IV.

### CONCLUSION

The grant of summary judgment is affirmed on the alternate ground asserted to the district court. JEM is awarded costs.

Justices TROUT, EISMANN, BURDICK and JONES concur.