**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47302**

| | |
|---|---|
| HAROLD E. GRIST, JR., | ) |
| | ) Filed: October 6, 2020 |
| Petitioner-Appellant, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| STATE OF IDAHO, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Jay P. Gaskill, District Judge.

Judgment dismissing petition for post-conviction relief, affirmed.

Harold E. Grist, Jr., Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

GRATTON, Judge

Harold E. Grist, Jr. appeals from the district court's judgment dismissing his petition for post-conviction relief. Grist argues that (1) his attorney's actions constituted ineffective assistance of counsel; (2) the district court's actions constituted misconduct; and (3) he was not given a fair and impartial jury trial. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

After a conviction and successful appeal, Grist was convicted in a retrial of seven counts of lewd conduct with a child, one count of sexual abuse of a child, and two counts of sexual battery. He filed his first petition for post-conviction relief in 2012, which was dismissed by the district court in a decision that was affirmed by this Court. Grist filed the instant petition for post-conviction relief in 2018. The State moved for dismissal of the petition arguing that the petition was untimely, an improper successive petition, that claims of trial error could have been raised on

1

direct appeal, and that the post-conviction claims in the petition were unsupported and without merit.

The district court conducted an evidentiary hearing and held that the petition was untimely, an improper successive petition, and that the claims of trial error therein could have been raised on direct appeal. The district court dismissed the petition. Grist timely appeals.

## II.

## ANALYSIS

Grist argues that his attorney's failure to include additional arguments in his direct appeal constituted ineffective assistance of counsel. In addition, he argues that the district judge committed misconduct during his jury trial by empaneling jurors who were biased against Grist, and that a separate district judge committed misconduct by holding an evidentiary hearing and finding that Grist's claims were time-barred. Overall, Grist argues that his trial was tainted by the district court's actions and the biased jury. The State argues that Grist has failed to present an issue for appellate review because he failed to support his argument with citations to authority or the record, and that Grist failed to challenge the stated bases for the district court's ruling.

A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). While Grist's brief contains general citations to the Sixth and Fourteenth Amendments, he does not argue how these authorities apply to his case. Idaho Appellate Rule 35(a)(6) requires not only citation to authority, but also citation to the parts of the transcript and record relied upon. If an appellant fails to comply with the rule, the appellate court will not address the issue. *Samuel v. Hepworth, Nungester & Lezamiz, Inc.*, 134 Idaho 84, 90, 996 P.2d 303, 309 (2000). Without cited authority or the record, consideration of these claims on appeal has been waived.

Moreover, where an appellant fails to challenge a basis for the district court's ruling, this Court will uphold the lower court's decision on the unchallenged basis. *Montgomery v. Montgomery*, 147 Idaho 1, 10, 205 P.3d 650, 659 (2009). The district court dismissed Grist's petition on three grounds. The petition: (1) was untimely; (2) was an improper successive petition; and (3) contained issues that could have been raised on direct appeal. Grist makes no argument in his opening brief against these findings. Without a challenge to the district court's ruling, this Court will uphold the district court's decision on the unchallenged bases.

2

## III.

## CONCLUSION

Grist's brief did not include citations to authority or the record to support his claims. In addition, Grist failed to challenge any of the district court's grounds for dismissing his petition. Therefore, we affirm the district court's judgment dismissing Grist's petition for post-conviction relief.

Judge BRAILSFORD and Judge Pro Tem HORTON **CONCUR**.